UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL L. ARNOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:13CV121 SNLJ |
| | ) |
| CORIZON MEDICAL | ) |
| SERVICES, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff (registration no. 68237) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted, and plaintiff will be assessed an initial partial filing fee of $2.08. See 28 U.S.C. § 1915(b)(1). Furthermore, the Court will instruct plaintiff to file an amended complaint in accordance with the instructions set forth below.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess

and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $10.42, and an average monthly account balance of $.54. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.08, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim

upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992).

**The Complaint**

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), seeks monetary relief in this 42 U.S.C. § 1983 action against Corizon, Inc. and Corizon employees Dana Nix, Larry Unknown, Dr. Unknown Hakala, and Dr. Unknown Jones. Plaintiff's allegations arise out of a medical problems that occurred from January through May of this past year at SECC. Plaintiff states that during this time period he suffered greatly through complications from kidney stones and kidney infections

that were exacerbated and due to defendants' deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

The Court has reviewed the complaint under 28 U.S.C. § 1915 and believes that, although plaintiff may be able to assert a claim based upon the denial of his Constitutional rights, he has failed to state a claim upon which relief may be granted at this time, because the complaint is silent as to whether he is suing the named defendants in their official and/or individual capacities.[1]

Taking into consideration the fact that plaintiff is proceeding pro se and in forma pauperis, the Court will grant him time to file an amended complaint on a Court form, setting forth the capacity (i.e., official and/or individual) in which he is suing each of the named defendants. Moreover, because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at

---

[1] Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming an official in his or her official capacity is the equivalent of naming the entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against an official in his or her official capacity, plaintiff must allege that a policy or custom of his or her employer is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged violations of plaintiff's constitutional rights. As a result, as it is currently pled, the complaint fails to state a claim upon which relief can be granted.

this time. Plaintiff is reminded that his amended complaint will supersede his original complaint and will be the only complaint this Court reviews.  Thus, plaintiff must include in the "Caption" of the amended complaint the names of all defendants he wishes to sue in this action; in the "Statement of Claim," he must set out, in separate numbered paragraphs, specific facts against each named defendant, <u>and he must state whether he is suing each defendant in his individual and/or official capacity</u>; and in the "Relief" section, he must briefly set out what he wants the Court to do for him. Plaintiff must also sign the amended complaint.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $2.08 within thirty (30) days from the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days from the date of this Order, in accordance with the specific instructions set forth above.[2]

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff the Court's form for filing a complaint pursuant to 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice and without further notice to him.

Dated this <u>6th</u> day of September, 2013.

                                                STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE

---

[2]For his amended complaint, plaintiff shall use the court-provided form for filing a complaint pursuant to 42 U.S.C. § 1983.