UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL L. ARNOLD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:13-cv-121 SNLJ |
| ) | |
| CORIZON, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM and ORDER

Plaintiff, a prisoner at Southeast Correctional Center ("SECC") in Charleston, Missouri, filed this 42 U.S.C. § 1983 lawsuit alleging violations of his constitutional rights against defendants Corizon, Inc. (now Corizon, LLC), Dr. Michael Hakala, Dana Degan, Dr. Paul Jones, and Lawrence Roussin, R.N. ("Corizon Defendants"). Plaintiff's complaints arise from treatment of a kidney stone and subsequent infection that resulted in a hospital stay. Plaintiff contends that defendants were deliberately indifferent to his serious medical need in violation of the Eighth Amendment to the United States Constitution. Defendants have moved for summary judgment because they contend plaintiff failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act of 1996 ("PLRA").

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The PLRA "requires immediate dismissal of all claims brought by inmates with respect to prison

conditions . . . under 42 U.S.C. § 1983...until 'such administrative remedies as are available are exhausted." *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (citing 42 U.S.C. § 1997e(a)). The Missouri Department of Corrections ("MDOC") has developed an administrative grievance procedure for inmates to internally grieve complaints against MDOC and its staff; the procedure requires that the inmate file an informal resolution request ("IRR"), an inmate grievance, and, finally, an inmate grievance appeal. *See Foulk v. Charrier*, 262 F.3d 687, 694 (8th Cir. 2001); *Dashley v. Corr. Med. Serv.*, 345 F. Supp. 2d 1018, 1022-23 (E.D. Mo. 2004). Not only is the inmate required to exhaust the administrative remedies available to him under PLRA, but he is required to properly exhaust those administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

The events alleged in the complaint begin on January 26, 2013, when plaintiff alleges he started to pass a kidney stone. He saw Dr. Jones for an endocrinology and cardiovascular chronic care appointment, during which he reported he was not feeling well and was passing a kidney stone. Plaintiff says Dr. Jones did nothing. Plaintiff then saw Nurse Dana Degen at approximately 10:30 p.m.. Plaintiff alleges that Nurse Degen told a corrections officer that the officer could not call a "Code 16," so plaintiff was forced to "self-declare" and walked to medical in extreme pain. Plaintiff contends that Nurse Degen gave him Ibuprofen and told him to return to his cell. Plaintiff alleges that on the afternoon of January 27, 2013, a "Code 16" was called and he was seen by medical and sent to the hospital where he was septic with low blood pressure, a high white blood cell count, and pneumonia. Plaintiff alleges he was discharged from the hospital on February 4, 2013. He still had not passed the kidney stone, and he had a catheter and drain tube and a PIC line in his right arm. Plaintiff alleges he saw Dr. Hakala on February 22, 2013 for complaints of pain and requested to be returned to the hospital, but Dr. Hakala

denied Plaintiff's request and refused to assist him with a dirty catheter or to provide antibiotics. Plaintiff alleges he tested positive for an infection on March 9, 2013 and was given antibiotics. Then, he says he saw Dr. West on March 18, and Dr. West removed the kidney stone, drain tube, and catheter, and he installed a stent between plaintiff's bladder and left kidney. Plaintiff says that Dr. West told him that the PIC line would have to be removed by the person who inserted it, but, instead, Nurse Roussin removed the PIC line. Later, on March 20, plaintiff saw Dr. Hakala for pain, but Dr. Hakala would give him nothing stronger than Tylenol, which plaintiff said was insufficient. On March 25, plaintiff attempted to pick up a prescription, but that it was not given to him for three days, and he suffered painful urination during that time without the medication. Finally, plaintiff alleged that in May 2013 he was diagnosed with an infection caused by his kidney stone. The doctor allegedly told plaintiff he had not previously been on antibiotics long enough to kill the particular strand of bacteria. One week later, plaintiff's urine test results were negative for infection. However, on May 23, 2013, plaintiff went to medical after he began to shake uncontrollably and suffered chest pains, at which time his culture was positive for infection and he was started on IV antibiotics. Plaintiff alleges there were some issues with the IV working, but on May 30, Nurse Roussin put in an IV that worked and tested a new sample of plaintiff's urine showing no problems. The IV was removed, and plaintiff was returned to his housing unit.

Plaintiff claims that the defendants' course of conduct violated his constitutional rights. However, plaintiff's complaint ultimately fails because he failed to exhaust his administrative remedies prior to initiating his lawsuit, as required by 42 U.S.C. § 1997e(a).

> Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court. Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its

decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.

*Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). The record --- which plaintiff here does not dispute --- shows that plaintiff filed just one grievance at SECC. Plaintiff filed an IRR on March 21, 2013 complaining that he had received inadequate medical treatment from Dana Nix (now Degen) on January 26, 2013. Pursuant to the MDOC grievance procedure, any offender who wishes to file an IRR must do so within 15 days from the alleged incident. Plaintiff's IRR was denied because it was not timely filed. Plaintiff admits this point in his complaint, but he states that his failure to file within 15 days should be excused because he was in the hospital "where grievance was not available." (#5 at 3.) Plaintiff's own complaint, however belies his argument --- plaintiff alleges he was hospitalized January 27 and discharged February 4. The 15-day deadline to file an IRR for events occurring January 26 would have been February 10 --- plaintiff had been back at SECC for six days by then, thus he was not in the hospital for the duration of the 15-day filing period. Plaintiff offers no explanation for his failure to file the IRR within the 15-day period.[1] In addition, plaintiff was required to exhaust the prison's grievance system before filing his lawsuit. *See Jones v. Bock*, 549 U.S. 199, 204 (2007). Plaintiff did not do so here, as his lawsuit was filed August 23, 2013, while his grievance appeal was still pending. Furthermore, plaintiff failed to file any IRR against any of the other defendants in this case --- rather, his one and only IRR focuses solely on the January 26 events and the actions of Nurse Nix (plaintiff mentions Dr. Jones but does not complain about Dr. Jones's care).

Defendants have established that there is no disputed issue of material fact, and that they are entitled to dismissal of plainitff's claims in accordance with the PLRA's exhaustion

---

[1] The Court notes that the March 21 IRR included an addendum (which was not attached to the complaint) which explains that "the delay for this IRR report was because of possible retaliation while I was in TCU." The plaintiff does not explain that statement at all in his briefing or in the complaint.

requirement.  The defendant's motion will therefore be granted.  Plaintiff's motion for summary judgment will be denied.  Plaintiff's motion for appointment of an attorney will also be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment (#32) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (#45) and motion for summary judgment (#41) are **DENIED**.

Dated this 26th day of November, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE